## SUPERIOR COURT

### No. 72

KISER v. OPERATORS UNION NO. 165

Superior Court of Cincinnati

No. 59205. Decided Nov. 20, 1925

700. LABOR UNIONS—An unincorporated labor union can be sued as such and service may be had upon it through its officers.

MARX, J.

George W. Kiser, a member of the Motion Picture Machine Operators Union, brought suit for damages against Local No. 165 of the same Union for its alleged action in preventing him from obtaining employment contrary to the constitution and by-laws of the Union.

Service was had on the Local "by delivering a true copy of this writ with all endorsements thereon, personally to John P. Hawthorne, business agent thereof," making the president, vice-president, the business agent and a member of the Executive Board individual defendants. A motion was filed by the Local asking the Court to quash the action on the plea that it is an unincorporated association and not a legal entity and therefore cannot be sued.

The only question presented is whether or not such an unincorporated labor union can be sued. The Superior Court held:

1. The technical doctrine that unincorporated associations cannot be sued except by naming each member thereof defendants is not applicable under modern conditions.

2. Large labor unions consist of thousands of members in all parts of the country and it would be impracticable and needless to make each member a party to a suit against such union.

3. Labor unions today act through duly constituted boards and officers and are organized similarly to corporations. Their growth, the power they wield and their necessity has brought them within recognition of the laws of Ohio. 14 OD. 628.

4. Under existing conditions it would be an utter impossibility of doing justice unless the attribute of sui juris be ascribed to such associations.

Motion of the Local overruled.

Note—The same question was involved and the same decision rendered in Ringshauser v. Bakers Union No. 213—Case No. 59241, which was consolidated with the instant case in the Superior Court.

Attorneys—A. A. Gruber & W. W. Symmers for Kiser; Pogue, Hoffheimer & Pogue, for Motion Picture Union; Carl F. Pieper & Geo. A. Hamma for Ringshauser; Wm. Thorndyke for Bakers Union; all of Cincinnati.

Note—This case was reported on its first hearing, in 3 Abs. 594.

## ATTORNEY GENERAL

### No. 73

In Re INDUSTRIAL COMMISSION

No. 969. Decided Dec. 6, 1923

1283. WORKMEN'S COMPENSATION— Injured workers killed in course of employment, or dependents of such workers, have no option of lawsuit, but are limited to the remedy provided in the Workmen's Compensation Act.

Hon. H. R. Witter, Director of Department of Industrial Relations desired an opinion upon the Constitutional amendment which becomes effective Jan. 1, 1924, relative to the Workmen's Compensation Law, wishing to know whether it is self-executing or whether legislation is required to put the amendment or any portion of it into effect, requesting an opinion, particularly as to the following points:

1. Shall the Industrial Commission without further legislation accept applications for additional awards and make such awards on and after Jan. 1, 1924; and is it correct that after Jan. 1, 1924, injured workers killed in course of employment or their dependents have no option of law-suit and are limited to the remedy provided in the Compensation Law?

2. Is the Industrial Commission authorized to appropriate a portion of the premium paid into the Insurance Fund to be applied to the investigation and prevention of industrial accidents and diseases; and does the Commission have authority to appoint employes for the purpose of furthering the investigation?

The Attorney General replied:

The powers granted by Section 35, Article II, as amended, are not self-executing except insofar as existing laws bearing on such power are consistent with the amended section, are now in force. The statutory and common law rule for damages is abrogated by the second and fifth sentences of the constitutional amendment, which is self-executing when the general powers of the section are exercised. This provision becomes effective as of Jan. 1, 1924.

By the fourth sentence of said section, the Commission has authority to set aside a fund for investigation purposes, which is mandatory and self-executing, but the fund cannot be expended without further legislation, as that part of the provision is not self-executing. No provision is made for the appointment of employees other than is now provided by statute, and no power is conferred upon the Industrial Commission in that respect.